[Merrimack, June, 1888.]

## LEAR v. DURGIN.

WRIT OF ENTRY.

ALLEN, J.    The demanded premises were reserved by the grantor in the deed upon which the plaintiff relies to make her title, and she offered parol evidence to show that the reservation was not intended, which was excluded.    Parol evidence to vary the plain terms of the deed and make it include what is by it expressly excluded is inadmissible.    *Nutting* v. *Herbert*, 35 N. H. 120.    The defendant offered no evidence; but the plaintiff, to recover, must rely on the strength of her own title, and not upon the weakness of the defendant's.    *Atherton* v. *Johnson*, 2 N. H. 35; *Goulding* v. *Clark*, 34 N. H. 155.    The plaintiff having failed to prove a title to the demanded premises, a verdict for the defendant was properly ordered.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.

*Pierce & Paige*, for the plaintiff.

*F. H. Gould* and *Sanborn & Hardy*, for the defendant.

---

[Merrimack, June, 1888.]

## MINOT, *Guard.*, v. TILTON & a.

MOTION for rehearing of case reported 64 N. H. 371.

BLODGETT, J.    The motion for a rehearing is denied.    If the facts stated in the case reserved at the October trial term, 1887, were properly before us, the decree ordered at the June law term, 1887, would be so modified as not to limit Charles A. Minot to the income of the fund.    But as the order granting a further hearing for the finding of additional facts was made without hearing and without notice, the additional facts are not properly before us. The application to reopen the case will be heard on notice at the trial term; and if such accident, mistake, or misfortune is found as would authorize a new trial, the decree will then and there be so modified as not to limit Charles A. Minot to the income.

*Case discharged.*

SMITH and BINGHAM, JJ., did not sit: the others concurred.

*W. L. Foster*, for the plaintiff.

*Bingham & Mitchell*, for the defendants.